IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|   |   |
|---|---|
| UNITED STATES OF AMERICA, | X |
| Plaintiff, | X |
| vs. | X   Cr. No. 05-2362 ~~95-20265-D~~ |
| PETER MATHIS, JR., | X |
| Defendant. | X |

ORDER TO DOCKET MOTION AS NEW CASE
AND
ORDER TRANSFERRING MOTION UNDER 28 U.S.C. § 2244(b)(3)
TO SIXTH CIRCUIT COURT OF APPEALS

On January 20, 2005, defendant, Peter Mathis, Jr., Bureau of Prisons (BOP) inmate registration number 14318-076, an inmate at the Federal Correctional Institution ("FCI") in Memphis, Tennessee,[1] filed an irregular motion in his closed criminal case. (Docket entry 169) On August 4, 1993, defendant approached a postal employee who was reading a magazine in her postal vehicle near the end of her shift, told her he had a gun, and, after forcing her to drive to a nearby secluded area, sexually assaulted her. On August 24, 1993, a federal grand jury indicted defendant

---

[1] On September 24, 2004, the Court entered an order denying Mathis' pro se motion for free transcripts and copies. For some unexplained reason, the Clerk mailed a copy of the order to the attorney who represented Mathis on appeal, rather than Mathis. The order was returned as undeliverable. As Mathis has never received a copy of that order, the Clerk is ORDERED to enclose a copy of that order, docket entry 167, with this order. The Clerk is ORDERED to send the orders to Mathis at his FCI Memphis address.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 6-8-05

on one count of assault on a U.S. mail carrier with intent to rob in violation of 18 U.S.C. § 2114.[2] United States v. Mathis, No. 93-20226-Tu. A jury trial commenced on August 8, 1994 and, on August 10, 1994 the jury returned a guilty verdict. Judge Jerome Turner conducted a sentencing hearing on December 2, 1994, at which time defendant was sentenced to the statutory maximum of 120 months imprisonment. The Sixth Circuit reversed defendant's conviction on the ground that there was insufficient evidence to prove he intended to rob the postal employee of mail matter. United States v. Mathis, No. 95-5042, 1995 WL 579563 (6th Cir. Oct. 2, 1995) (per curiam).

Thereafter, on November 21, 1995, a federal grand jury returned a two-count indictment charging defendant with kidnapping a federal employee engaged in official duties for the purpose of sexual assault, in violation of 18 U.S.C. § 1201(a)(5),[3] and with forcibly assaulting, impeding, and interfering with a federal

---

[2] Eighteen U.S.C. § 2114(a) provides, in relevant part: "Any person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years."

[3] Eighteen U.S.C. § 1201(a) provides, in relevant part: "Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person . . . when . . . (5) the person is among those officers and employees described in section 1114 of this title and any such act against the person is done while the person is engaged in, or an account of, the performance of official duties; shall be punished by imprisonment for any term or years or for life."

employee engaged in the performance of official duties, in violation of 18 U.S.C. § 111.[4] Although defendant was originally represented by counsel, he was eventually permitted to represent himself in this matter. The case proceeded to trial on August 5, 1997. On August 8, 1997, the jury returned a guilty verdict with respect to the first count of the indictment, which charged a violation of 18 U.S.C. § 1201(a)(5), and a verdict of not guilty with respect to the second count, which charged a violation of 18 U.S.C. § 111. The Court conducted a sentencing hearing on November 21, 1997, at which time defendant was sentenced to three hundred eighty (380) months of incarceration, to be followed by a five-year period of supervised release. Judgment was entered on November 24, 1997. The United States Court of Appeals for the Sixth Circuit affirmed defendant's conviction and sentence. United States v. Mathis, No. 97-6499, 1999 WL 98465 (6th Cir. Jan. 29, 1999), cert. denied, 528 U.S. 920 (October 4, 1999).

On August 22, 2000, Mathis filed a § 2255 motion contending:

1)  there is insufficient evidence to support the guilty verdict;

---

[4] Eighteen U.S.C. § 111(a) provides, in relevant part: "Whoever (1) forcibly assaults, resists, opposes, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . . shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than three years, or both." Section 111(b) provides that individuals who use a deadly or dangerous weapon in the commission of the offense are subject to an enhanced penalty of up to ten years' imprisonment.

2)  the prosecution of defendant on these charges was motivated by vindictiveness because the Sixth Circuit reversed defendant's conviction after the first trial;

3)  the Government violated 18 U.S.C. § 3161(b) by not prosecuting these charges until after defendant's original conviction was reversed b the Sixth Circuit; and

4)  the prosecution of defendant on these charges is barred by double jeopardy and collateral estoppel.

The Court denied the motion as meritless the Sixth Circuit denied a certificate of appealability. Mathis v. United States, 01-6335 (6th Cir. May 28, 2002), cert. denied, No. 02-6400 (October 21, 2002).

Defendant styled this document as a motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b)(6) is inapplicable, however, because the Federal Rules of Civil Procedure do not apply to federal criminal prosecutions. The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. Eighteen U.S.C. § 3582(c) governs modification of an imposed term of imprisonment and states as follows:

> The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

4

>    (i)  extraordinary and compelling reasons warrant such a reduction;
>
>    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of 18 U.S.C. § 3582(c) are applicable here. The Director of the BOP has not moved for a reduction of the defendant's sentence pursuant to § 3582(c)(1)(A). Neither Fed. R. Crim. P. 35, nor any federal statute, authorizes the Court to modify Mathis' sentence pursuant to § 3582(c)(1)(B). See e.g., Fed. R. Crim. P. 35 (district court may correct illegally imposed sentence only within seven days after imposition of sentence).

Finally, the Sentencing Commission has not lowered the applicable Sentencing Range pursuant to 28 U.S.C. § 994(o), so as to bring this case within § 3582(c)(2).

For federal prisoners seeking to attack the validity of a conviction or sentence, the only remedy is through a motion to vacate under 28 U.S.C. § 2255. In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997); United States v. Sarduy, 838 F.2d 157, 158 (6th Cir. 1988)(challenge to proper sentence calculation should be brought under § 2255, not Rules 32 or 35). Mathis clearly seeks to vacate his conviction and sentence. The motion, therefore, seeks relief that is only available under § 2255.

Thus, the Court considers whether to consider defendant's motion as a motion to vacate under 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, inter alia, at 28 U.S.C. § 2244 et seq.) (AEDPA), amended 28 U.S.C. §§ 2244(b) and 2255 to preclude the filing of any subsequent § 2255 motion absent permission from the Court of Appeals for the Circuit in which the district court is located. Under In re Sonshine, 132 F.3d 1133, 1135 (6th Cir. 1997), the AEDPA amendments bar a prisoner from filing a second § 2255 motion unless those amendments would have an impermissibly retroactive effect on a claim for relief under § 2255. Under In re Sims, 111 F.3d 45, 47 (6th Cir. 1997), "when a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit],

the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." Id.

Under Sims, the Court construes the successive motion as a request for certification of a successive motion. Accordingly, it is hereby ordered pursuant to Sims and 28 U.S.C. § 1631 that the Clerk of Court remove the motion (docket entry 169) from this criminal case, docket the motion as a new case, and transfer it to the United States Court of Appeals for the Sixth Circuit. The Clerk shall place a copy of this order in the new case as well as this criminal case.

The Clerk of Court is ORDERED not to accept for filing any further documents in the new case or this case, however captioned or described, unless directed to do so by an order from the United States Court of Appeals for the Sixth Circuit. This case is being transferred to that appellate court, and the defendant must obtain relief from that court to pursue any further attacks on his conviction here.

IT IS SO ORDERED this __11th__ day of May, 2005.

                                           BERNICE B. DONALD
                                           UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02362 was distributed by fax, mail, or direct printing on June 8, 2005 to the parties listed.

---

Peter Mathis
14318-076
F.C.I. Memphis
P.O. Box 34550
Memphis, TN 38184

Honorable Samuel Mays
US DISTRICT COURT